UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL V. MARCHIONE,

    Plaintiff,

v.                                    Case No. 3:22cv632-LC-HTC

CENTAURIUM HEALTHCARE[1] and
 DOCTOR I,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael V. Marchione, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against two defendants, an unknown doctor, identified as Doctor I, and Centurion of Florida, LLC, incorrectly named as Centaurim, based on medical treatment he received while at Sumter Correctional Institution ("Sumter CI"). ECF Doc. 1. Sumter CI is located in the Middle District, and Defendant Doctor I is or was an employee at Sumter CI. Thus, after an initial

---

[1] It seems Plaintiff is attempting to refer to Centurion of Florida, LLC, which provides healthcare services for the Florida Department of Corrections, including Sumter CI. *See* http://www.dc.state.fl.us/org/health.html ("The Department contracts with Centurion of Florida, LLC to provide comprehensive medical, mental health and dental services statewide.").

review, the undersigned finds venue is not proper in this district and recommends the matter be transferred to the Middle District of Florida.

I.   THE COMPLAINT

Plaintiff, a prisoner currently incarcerated at Okaloosa Correctional Institution, alleges he has "been declaring medical emergencies and going through the medical procedures at Sumter [CI]" for "an infestation of either a mite or parasite on [his] body . . .[,] face," ears, nostrils, and eyes. *Id.* at 5. He claims, "doctor I at Sumter [CI] put [him] in to see a specialist at R.M.C.[,] the Central Medical Unit[,] but [he] was told approx[imately] a month after the recommendation went in that [he] was denied with no further explanation on why." *Id.* at 6.

In the Statement of Claims, Plaintiff states his "Eighth Amendment Deliberate indifference is on Dr. I the medical provider at Sumter Correctional [because] he could not properly diagnose me. He didn't have the proper tools or equipment to diagnose what my issues were. He was using the light and magnifying glass from a ocoscope [sic] instead of a microscope and I should've seen a specialist." *Id.* at 7. As relief, Plaintiff seeks punitive damages in the amount of $8 million, "from pain and suffering having [his] entire body infested with a live mite or parasite for eleven months now." *Id.*

Case No. 3:22cv632-LC-HTC

## II.    IMPROPER VENUE

Under 28 U.S.C. § 1391(b), which applies to actions brought under 42 U.S.C. § 1983, a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

As stated above, the crux of Plaintiff's claims arise out of events that occurred at Sumter CI. ECF Doc. 1. Sumter CI is located in Sumter County, which is in the Middle District of Florida. Thus, under 28 U.S.C. § 1391(b)(2), venue is proper in the Middle District. Plaintiff does not allege any of the events occurred in the Northern District.

Plaintiff also does not allege that any of the defendants reside in the Northern District. Instead, Plaintiff provides the address of Sumter CI for Doctor I, and identifies Okaloosa Correctional Institution as the address for Centurion. That, however, is not correct. According to the Division of Corporations for the Florida

Case No. 3:22cv632-LC-HTC

Department of State, Centurion's principal place of business is in Missouri.[2] Thus, venue cannot be premised on the Defendants' residences under 28 U.S.C. § 1391(b)(1).

Pursuant to 28 U.S.C. § 1406, when a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a). Rather than dismiss this action, the Court finds this case should be transferred to the Middle District.

The Middle District is where a substantial part of the events occurred, where the witnesses will be located, and where, presumably, Doctor I resides.  *See* 28 U.S.C. § 1404(a).  The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion."  *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982).  Such transfers may be made *sua sponte* by the court, provided that the court give notice to the parties.[3]  *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

---

[2] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CENTURIONFLORIDA%20L150001900730&aggregateId=flal-l15000190073-24689188-845c-40ac-8a75-8bce971d314c&searchTerm=centurion%20of%20florida&listNameOrder=CENTURIONFLORIDA%204187960

[3] Here, this report and recommendation will serve as notice to Plaintiff, and Plaintiff will be able to file objections prior to the case being transferred.

Case No. 3:22cv632-LC-HTC

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; and (3) the cost of obtaining attendance of willing, witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer to the Middle District.

Accordingly, it is respectfully RECOMMENDED that:

1. The clerk be directed to TRANSFER this case to the United States District Court for the Middle District of Florida

2. The clerk be directed to close this file in the Northern District.

At Pensacola, Florida, this 24th day of January, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv632-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.